IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02326-PAB-NRN

HOLLY GOULD,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant's Objection to Magistrate's Order on Plaintiff's Motion for Leave to Amend to Add Claim for Exemplary Damages [Docket No. 87].

The Court reviews a magistrate judge's order on a non-dispositive matter under the clearly erroneous standard. Fed. R. Civ. P. 72(a). "[A] magistrate judge's decision to grant leave to amend a complaint [is] non-dispositive." *Micale ex rel. Charles A. Micale Irrevocable Ins. Tr. v. Bank One N.A. (Chicago)*, No. 04-cv-00288-EWN-CBS, 2006 WL 1222330, at *2 (D. Colo. May 5, 2006). Therefore, the Court must "affirm unless it '. . . is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The facts relevant to the magistrate's order entered on February 12, 2021, *see* Docket No. 86, are not in dispute. The deadline to amend plaintiff's complaint was

November 29, 2019, Docket No. 29, but plaintiff did not move to add a claim for exemplary damages pursuant to Colorado Revised Statute § 13-21-102 until December 22, 2020. See Docket No. 74. The magistrate judge granted plaintiff's motion, finding that (1) any alleged prejudice from the delay could be cured by defendant being permitted to find an expert on the issue of exemplary damages and (2) plaintiff satisfied her burden of demonstrating a prima facie case under § 13-21-102. See Docket No. 86 at 3-7.

Defendant makes two objections: (1) plaintiff failed to demonstrate any excusable neglect for her delay in filing a motion to amend and (2) plaintiff has not made out a prima facie case for exemplary damages. See generally Docket No. 87. The Court addresses each in turn.

As to the first, the Court is not left with a "definite and firm conviction," *Ocelot*, 847 F.2d at 1464, that the magistrate's order is incorrect. As the magistrate judge correctly concluded, a plaintiff is not entitled to add a claim for exemplary damages in her complaint; she must wait until the case develops. See Colo. Rev. Stat. § 13-21-102(1.5)(a). As a result, a plaintiff will need to amend her complaint before adding such a claim. Defendant does not dispute that such a claim may not be in an initial complaint, but argues that the magistrate judge failed to address plaintiff's delay in allowing her to amend her complaint. See Docket No. 87 at 4. As the magistrate judge noted, even though a claim for exemplary damages must be added later in the litigation, "[a] trial court may properly deny a motion to amend because of delay, bad faith, undue expense, or other demonstrable prejudice." *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). But, as the inclusive "or" in *Stamp* demonstrates, the concern surrounding

2

delay is the resulting prejudice that may result. Plaintiff's citation to *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006), expresses the same concern: "[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* (citation omitted); *see* Docket No. 87 at 3. But defendant admits there is no prejudice given that it was provided the opportunity to retain an expert. *See* Docket No. 90 at 2. Accordingly, the Court finds that the magistrate judge's order on this issue was not clearly erroneous.

Second, the magistrate judge reviewed the various evidence submitted by the parties, along with defendant's admissions, in determining that plaintiff had made out a prima facie case. Exemplary damages may be awarded when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). Such conduct "means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." § 102(1)(b). A defendant must be both "conscious of [] its conduct and the existing conditions, and knew or should have known that injury would result." *See Blood v. Qwest Servs. Corp.*, 224 P.3d 301, 314 (Colo. App. 2009). The threshold for prima facie proof is not stringent, only requiring "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Stamp*, 172 P.3d at 449 (quoting *Leidholt v. Dist. Court*, 619 P.2d 768, 771 n.3 (Colo. 1980)). After a review of the evidence, the Court finds no error in the magistrate judge's conclusion. Moreover, defendant has admitted that it did not "ensure the installation of adequate safety protection on or around the bridge that would have prevented rocks from falling off."

*See* Docket No. 72 at 4-6.  Defendant's admission and knowledge of potential safety measures is further evidence to support plaintiff's claim for exemplary damages.  As a result, the Court finds that the magistrate judge's order on this issue was not clearly erroneous.

Therefore it is

**ORDERED** that Defendant's Objection to Magistrate's Order on Plaintiff's Motion for Leave to Amend to Add Claim for Exemplary Damages [Docket No. 87] is **OVERRULED**.

DATED September 27, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge