IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02326-PAB-NRN

HOLLY GOULD,

      Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

      Defendant.

---

## ORDER

---

This matter is before the Court on Union Pacific Railroad Company's Motion to Reconsider Oral Ruling on UP's Motion in Limine No. 1, Doc. 113 [Docket No. 151] and that portion of Defendant's Motions in Limine [Docket No. 113] that seeks to exclude "argument about future losses." *Id.* at 8.

## I.  BACKGROUND

This case involves an incident in which plaintiff, Holly Gould, claims that rocks falling off a bridge controlled by defendant, Union Pacific Railroad Company, injured her while she was driving her car. Docket No. 99 at 3, ¶¶ 9-13. Plaintiff alleges that defendant's employees were working on the bridge and pushed the rocks off the bridge. *Id.*, ¶¶ 8, 13. Plaintiff brings claims of negligence and respondeat superior against defendant. *Id.* at 8-10.

During the Trial Preparation Conference on November 19, 2021, the Court ruled on several motions in limine that plaintiff and defendant filed. *See* Docket No. 149.

One of defendant's motions sought to exclude "comments at any point during a trial about the size and wealth" of defendant.   Docket No. 113 at 3.   The Court denied that portion of defendant's motion.   Docket No 152 at 2.   Defendant now moves for reconsideration of the Court's ruling.   Docket No. 151.   Additionally, one of defendant's motions sought to exclude "[a]ny argument or request for undisclosed damages" plaintiff seeks to recover.   Docket No. 113 at 8-10.   The Court took this motion under advisement at the Trial Preparation Conference.   Docket No. 152 at 2.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.   *See Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995).   Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires.   *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)).   In determining whether to grant a motion for reconsideration, courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."   *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

## III.   ANALYSIS

### A. Motion to Reconsider

The Court previously denied defendant's motion to exclude "references to the size or financial condition of the Defendant railroad."   Docket No. 113 at 3; Docket No. 152 at 2.   Defendant seeks reconsideration of this ruling.   Docket No. 151.   Defendant does not assert that there is new evidence or new legal authority that warrants its motion for reconsideration.   *See id.* at 2-3.   Instead, defendant argues that the Court's ruling is clear error based on Colo. Rev. Stat. § 13-21-102(6).   *Id.* at 2.   Defendant does not explain why it did not cite § 13-21-102(6) in its motion *in limine*.

Colo. Rev. Stat. § 13-21-102(6) states that, "[i]n any civil action in which exemplary damages may be awarded, evidence of the income or net worth of a party shall not be considered in determining the appropriateness or amount of such damages."   Defendant argues that the Court should exclude references to defendant's size and wealth based on this provision.   Docket No. 151 at 2.   In response, plaintiff does not deny the applicability of § 13-21-102(6) or the fact that the statute bars plaintiff from introducing evidence of defendant's income or net worth to prove the appropriateness or amount of punitive damages.   Docket No. 153 at 1-2.   Rather, plaintiff argues that "[t]he fact that Union Pacific had the financial means to correct its failing plywood board system yet *chose* to continue its use despite knowing that it was dangerous, is relevant to establishing the recklessness of Union Pacific's actions as well as its total disregard for public safety."   *Id.* at 3 (emphasis in original).   However, there is no suggestion that any company, regardless of its size, would not have the financial

3

means to make the corrections plaintiff identifies, meaning that evidence of defendant's "size and financial condition" is irrelevant.   *See id*. at 3-5.   Plaintiff then repackages this argument to claim that defendant is "so large and controls so many bridges" that its size and financial condition are relevant to proving willful and wanton behavior.   *Id.* at 6.   However, this argument does not explain why the plain terms of the statute do not prohibit such an obvious attempt to circumvent its purpose.   "[T]he plain language of section 13-21-102(6) clearly bars a court from considering a defendant's financial data in determining whether to award punitive damages."   *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 722 (Colo. 1999).   Thus, although defendant fails to explain its failure to cite the law defendant now bases its motion for reconsideration on, the Court will grant the motion to prevent clear error and thereby prohibit plaintiff from introducing evidence of defendant's net worth in order to prove exemplary damages.

### B. Motion in Limine

One of defendant's motions in limine claims that plaintiff has not provided a computation or itemization of her future damages.   Docket No. 113 at 8.   Citing Fed. R. Civ. P. 37, defendant seeks to prohibit plaintiff from "arguing for or presenting evidence about future losses" due to plaintiff's failure to make disclosures as required by Fed. R. Civ. P. 26(a).   *Id.* at 9.   Plaintiff argues she has made sufficiently specific disclosures of future damages and she should not be precluded from presenting evidence of future damages at trial.   Docket No. 139 at 1-2.

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure requires a party to provide "a computation of each category of damages claimed by the disclosing party."

Fed. R. Civ. P. 26(a)(1)(A)(iii).   "A defendant generally is entitled to a specific

computation of a plaintiff's damages under Fed. R. Civ. P. 26(a)(1)(C) and [is] further

entitled to have made available for inspection and copying the documents and other

evidentiary material on which such computation is based."   *Kleiner v. Burns*, 2000 WL

1909470, at *2 (D. Kan. Dec. 22, 2000).   A computation of damages "requires more

than providing—without any explanation—undifferentiated financial statements."

*Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006).   Rather, a party must

provide a "specific formula indicating how [its] theory of damages is supported" without

requiring the opposing party to perform calculations to reach a total number.   *Id.* at 293;

*see also Ellis v. State Farm Fire & Cas. Co.*, 2008 WL 11389372, at *3 (E.D. Okla. May

23, 2008) ("Plaintiff[] must specify the types of general damages claimed, the amounts,

and provide the supporting documents or other evidentiary materials on which the

computations are based, including materials bearing on the nature and extent of injuries

suffered."); *Campbell v. CSAA Fire & Cas. Ins. Co.*, 2020 WL 3244010, at *2 (W.D.

Okla. June 15, 2020) (ruling that disclosure of damages requiring defendant to "review a

list of documents recording a number of expenses and compute the damages for

themselves" to be insufficient under Rule 26).   Claimed future damages require a

demand with a calculation in support of that demand supported by evidence.   *See*

*Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (D.

Kan. 2004) (ruling that making the computation of future damages available to

defendant through an expert witness to be insufficient under Rule 26).   Rule 26(e) also

requires a party to supplement its Rule 26(a) disclosures, interrogatory responses,

requests for production, and requests for admission in a timely matter if the party learns that its disclosure or response was insufficient or inaccurate.   Fed. R. Civ. P. 26(e)(1).

A party's failure to comply with Rule 26(a) subjects it to the sanctions identified in Fed. R. Civ. P. 37(c)(1).   Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to *use that information* or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."   Fed. R. Civ. P. 37(c)(1) (emphasis added).   The Tenth Circuit considers four factors in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness.   *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).   The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.   *Id.*   The nonmoving party has the burden of showing that it was substantially justified in failing to comply with Rule 26(a)(1). *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

Plaintiff does not argue that she has provided a computation or itemization of future damages; rather, plaintiff identifies evidence of future damages she has provided that she claims defendant had "ample opportunity to explore."   Docket No. 139 at 3. Plaintiff states that one of her experts, Dr. Dennis Helffenstein, indicated in his expert report that plaintiff "would benefit from additional individual psychotherapy" and "individual cognitive rehabilitation services."   *Id.* at 2 (quoting Docket No. 139-1 at 16-

6

17).   Plaintiff also identified Dr. Ernest Braxton as an expert witness in her Rule 26(a) disclosures on August 17, 2020.   *Id.* at 3.   Plaintiff stated that Dr. Braxton may be called to testify to plaintiff's "past, present, and future injuries, damages, and losses." Docket No. 139-7 at 9.   Finally, plaintiff notes that in her own deposition she testified she had ablation treatment and would "probably have to come back for life."   Docket No. 139 at 2 (quoting 139-3, 116:1-11).   Plaintiff does not, however, point to any computation or itemization of the future treatments she disclosed, except that one ablation procedure costs $1,395.   *Id.* (citing Docket No. 139-4).   Plaintiff does not describe how these disclosures meet the Rule 26 requirement that a computation of damages be provided and does not argue that her damages are an exception to the Rule 26 requirement.   The Court finds plaintiff has failed to make the disclosures required by Rule 26(a)(1)(A)(iii).

Defendant argues that Rule 37 sanctions are appropriate because it is prejudiced by the fact that it has not retained an expert to rebut plaintiff's claims for future damages and defendant has no opportunity to cure the prejudice since discovery is closed. Docket No. 113 at 10.   Plaintiff does not respond to defendant's arguments seeking sanctions.   *See* Docket No. 139.

The discovery deadline passed a long time ago in this case. *See* Docket No. 58. Trial in this matter is set for October 24, 2022.   Docket No. 150.   The Court finds that plaintiff's failure to make disclosures as required by Rule 26 regarding future damages is neither harmless nor was it substantially justified.   Considering the first and second *Woodworker's* factors of prejudice and ability to cure that prejudice, *Woodworker's*, 170

F.3d at 993, the Court finds that plaintiff's failure to disclose has caused incurable prejudice to defendant.   At this point defendant would not have an opportunity to prepare a sufficient rebuttal to plaintiff's evidence of future damages.   Regarding the last *Woodworker's* factor, plaintiff's bad faith or willfulness, *see id.*, plaintiff does not provide any reason why she failed to provide a computation of her future damages, and the Court is unable to discern any reason.   Additionally, plaintiff does not explain why she did not supplement her disclosures.   These failures imply a degree of willfulness. Based on the *Woodworker's* factors, the Court finds exclusion to be the appropriate remedy.   Accordingly, plaintiff will be barred from presenting any evidence of future damages at trial.

## IV.   CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Union Pacific Railroad Company's Motion to Reconsider Oral Ruling on UP's Motion in Limine No. 1, Doc. 113 [Docket No. 151] is **GRANTED**.   It is further

**ORDERED** that the portion of Defendant's Motions in Limine [Docket No. 113] that requests exclusion of any presentation of evidence of future losses is **GRANTED**.

DATED September 15, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

8